IMPORTANT NOTICE: Courtesy copies of documents you file should be provided to any judge. All communications with the court shall ONLY be through documents filed with the Clerk of Court.

RECEIVED
IN ALEXANDRIA, LA
AUG - 9 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **HARRISON A. PARFAIT, JR.** | DOCKET NO. 10-CV-629; SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **WARDEN TIM WILKINSON, ET AL.** | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on April 13, 2010, and amended complaint filed July 19, 2010, by *pro se* plaintiff Harrison A. Parfait, Jr. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff alleges that he was denied adequate medical care. He names as defendants **Warden Tim Wilkinson, Nurse Gaskill, Nurse Fobbs, Nurse Keefer, Nurse Coleman, Medical Director Pat Thomas, Nurse Practitioner Kathy Richardson.**

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Plaintiff's Allegations

Plaintiff alleges that on September 6, 2009, he noticed blood on his boxer shorts. He asked Officer Carpenter for an emergency

call out, but Carpenter did not respond. [Doc. #5, p.1] Plaintiff alleges that Officer Rogers informed him that there were no doctors in that day because of the Labor Day holiday, but that she would call Nurse Gaskill. Defendant Nurse Gaskill reported to Plaintiff's tier and Plaintiff told her about his bleeding. Nurse Gaskill instructed Plaintiff to drink a lot of water and fill out a sick call form to see the doctor on Tuesday, September 8th.

On September 7, 2009, Plaintiff told Captain Knight that he was bleeding from his penis. Knight called the infirmary and spoke with Defendant Nurse Keefer. Keefer told Knight that there was nothing she could do because she was alone, but that she would give Plaintiff "a pass."

Miss Wally called Plaintiff from the tier to the infirmary, and Plaintiff explained to Nurse Mary that he was bleeding from his penis. Nurse Mary visually checked to see if there were any cuts on Plaintiff's penis. She gave Plaintiff a cup for a urine sample, but could not locate the test strips.

On September 8, 2009, Plaintiff told Officer Bailey that he wanted to make an emergency sick call. Plaintiff also informed Warden Wilkinson that he was bleeding, and the warden sent Plaintiff to the infirmary. Nurse Keefer had Plaintiff submit another urine specimen. She informed Plaintiff that there was no blood in his urine, but she ordered Plaintiff seven days of Bactrim.

In response to the court's amend order, Plaintiff alleged that the seven day prescription of Bactrim did not resolve the bleeding issue. Yet he only made one follow up sick call, on September 15, 2009. Plaintiff was called back to the infirmary on September 16, 2009, to see Nurse Kathy Richardson. She examined Plaintiff and said that she would refer him to LSU medical center. [Doc. #5, p.8]

Plaintiff was transported to LSU on October 1, 2009, for an examination with an outside physician. Plaintiff complains that the only thing done by the LSU physician was another urinalysis and an examination.

Plaintiff made no further complaints or sick calls.

## Law and Analysis

To state a civil rights claim for the denial of medical care, a prisoner must allege that the prison authorities were deliberately indifferent to the prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1978); Hare v. City of Corinth, Miss., 74 F.3d 633, 650 (5th Cir. 1996). A prison official is liable under the Eighth Amendment for deliberate indifference to prisoner's health or safety if he or she knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). Only deliberate indifference, an "unnecessary and wanton infliction of pain ... or acts repugnant to the

3

conscience of mankind" is proscribed by the Eighth Amendment. See Estelle v. Gamble, 429 U.S. at 105-106.

The Fifth Circuit has held that deliberate indifference in the context of a failure to provide reasonable medical care means that: "1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur." Thompson v. Upshur County, Tex., 245 F.3d 447, 458-459 (5th Cir. 1998)(citation omitted); see also Easter, 467 F.3d at 463; Domino v. Tex. Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). An official's knowledge of a serious risk of harm may only be inferred if the risk was obvious; it may not be inferred from a "negligent ... response to a substantial risk of serious harm." Thompson, 245 F.3d at 459 (citing Hare, 74 F.3d at 645).

In this case, Plaintiff has not even presented facts sufficient to show negligence, much less deliberate indifference. His first complaint was made on Sunday evening of Labor Day weekend, September 6, 2009. He was seen by a nurse the next morning (Labor Day, September 7, 2009) and again on the Tuesday morning after Labor Day (September 8, 2009). Several urinalyses were performed, and Plaintiff was prescribed an antibiotic on September 8, 2009. In-house follow up care was provided on September 15 and 16, 2009; and, when Plaintiff continued to

4

complain of pain, an outside consultation was promptly scheduled at LSU. A couple of weeks later, Plaintiff was transported to LSU where he received an outside consultation. The problem apparently resolved because Plaintiff made no further complaints or sick calls.

Plaintiff has simply not alleged that he faced a substantial risk of serious harm or that the defendants were aware of such risk. He has not presented allegations that any of the defendants subjectively intended for any harm occur. He received testing, medication, follow up care, and an outside consultation, all within a span of less than one month. Plaintiff has simply failed to state a cognizable claim for the denial of adequate medical care.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against all defendants be **DENIED** and **DISMISSED WITH PREJUDICE** as failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 5th day of August, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE